988 P.2d 685

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Sasha K. RHODE, Defendant–Appellant.**

**No. 24107.**

Supreme Court of Idaho,
Coeur d'Alene, April 1999 Term.

Sept. 28, 1999.

John M. Adams, Kootenai County Public Defender, Coeur d'Alene, for appellant. John M. Adams argued.

Hon. Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

SCHROEDER, Justice.

A jury found Sasha K. Rhode (Rhode) guilty of possession of heroin, under § 37–2732(c)(1) of the Idaho Code (I.C.), and the district court entered a judgment of conviction based upon that finding. Rhode argues that the district court erroneously instructed the jury that the State need only prove a "detectable" amount of heroin rather than a "usable" amount. This Court affirms the judgment of conviction entered in the district court.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Following Rhode's arrest for an unrelated incident, police seized a pouch from her car and found a metal spoon and a syringe in the pouch. The spoon had a few milligrams of residue on it which revealed the presence of heroin when tested by the Department of Law Enforcement. Rhode was charged with possession of a controlled substance under I.C. § 37–2732(c)(1). At the close of the State's case-in-chief, Rhode moved for a judgment of acquittal on the basis that the State failed to offer any evidence that she possessed a usable amount of heroin and not a mere useless trace or residue. Rhode also requested a jury instruction containing language that required the State to prove that there was a usable amount. The district court denied both Rhode's requested jury instruction and motion for judgment of acquittal. The jury returned a verdict of guilty and the district court entered a judgment of

conviction based on the verdict. Rhode appealed the judgment of conviction.

## II.

## THE DISTRICT COURT DID NOT ERR IN DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL AND IN REFUSING TO INSTRUCT THE JURY THAT THE STATE MUST PROVE DEFENDANT POSSESSED A "USABLE" AMOUNT OF A CONTROLLED SUBSTANCE.

### A. Standard of Review

The question of whether the jury was properly instructed is a question of law over which this Court exercises free review. *State v. Row*, 131 Idaho 303, 310, 955 P.2d 1082, 1089 (1998), *cert. denied*, —— U.S. ——, 119 S.Ct. 415, 142 L.Ed.2d 337 (1998); *State v. Jones*, 125 Idaho 477, 489, 873 P.2d 122, 134 (1994). When reviewing the denial of a motion for judgment of acquittal, this Court " 'exercises free review of the record, taking all inferences in favor of the state, to determine whether there is substantial evidence to support the challenged conviction.' " *State v. Merwin*, 131 Idaho 642, 644, 962 P.2d 1026, 1028 (1998) (quoting *State v. Matthews*, 124 Idaho 806, 813–14, 864 P.2d 644, 651–52 (Ct. App.1993)).

### B. The Usable–Quantity Rule

Rhode asks this Court to apply the usable-quantity rule, which prohibits prosecutions for possession of a controlled substance where the amount involved is not usable. A non-usable amount is an amount which "simply cannot be used, such as ... blackened residue or a useless trace." *People v. Rubacalba*, 6 Cal.4th 62, 23 Cal.Rptr.2d 628, 859 P.2d 708, 710 (1993). A usable amount, by contrast, exists when the drug may be useable "under the known practices of narcotic addicts." *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872, 875 (1962).

Several states follow the usable-quantity rule, most notably California, Arizona and Arkansas. *See State v. Murphy*, 117 Ariz. 57, 570 P.2d 1070 (1977); *State v. Moreno*, 92 Ariz. 116, 374 P.2d 872 (1962); *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990); *People v. Rubacalba*, 6 Cal.4th 62, 23 Cal. Rptr.2d 628, 859 P.2d 708 (1993); *People v. Leal*, 64 Cal.2d 504, 50 Cal.Rptr. 777, 413 P.2d 665 (1966).

There are two rationales for the usable-quantity rule, one evidentiary and one statutory. Under the evidentiary rationale, a usable quantity must be proved to satisfy the scienter element of the crime of possession. The statutory rationale is premised on the position that criminal laws regulating drugs are designed to curb the societal ill of drug abuse, and the possession of amounts not susceptible to such abuse should not fall within the scope of such laws. See *State v. Forrester*, 29 Or.App. 409, 564 P.2d 289, 290–91 (1977), for a discussion of these two rationales.

The evidentiary concern is met by the fact that the State has the burden of proving knowledge beyond a reasonable doubt. If a defendant possesses only trace quantities of a controlled substance, it is more difficult for the State to prove knowledge beyond a reasonable doubt. In this case the State did not rely on trace quantities to prove knowledge; Rhode admitted knowledge of the nature of the substance.

The statutory, policy-based rationale behind the usable-quantity rule is similarly unpersuasive. While it is true that individuals possessing usable quantities are likely to either sell or consume the controlled substances, perpetuating the cycle of drug abuse, it would be wrong to conclude that individuals possessing non-usable, trace quantities stand outside of this cycle of drug abuse. Those possessing trace quantities may have already consumed and/or sold the controlled substances. Neither the evidentiary nor the statutory rationale for implementing the usable-quantity rule recommends the adoption of the usable-quantity rule by this Court.

## C. A Statutory Construction Analysis Indicates that Proof of a Usable Amount is Not Required.

Rhode argues that statutory construction leads to the conclusion that a usable quantity is necessary for conviction. Rhode compares Idaho Code provisions criminalizing the possession of "any quantity" of various controlled substances with the code section applicable to her case, in which the "any quantity" requirement is absent, I.C. § 37–2705(c)(11). The code section which criminalizes the possession of heroin makes no reference to a specific quantity required to make possession unlawful.[1] Rhode argues that had the legislature desired to criminalize the possession of non-usable amounts of heroin, it could have included the phrase "any quantity," as it did in the classification of hallucenogenic substances in I.C. § 37–2705(d). Neither the plain language of the statute nor analysis of legislative intent leads to the conclusion Rhode seeks.

 Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. McCoy*, 128 Idaho 362, 365, 913 P.2d 578, 581 (1996). Unless the result is palpably absurd, this Court assumes that the legislature meant what is clearly stated in the statute. *Miller v. State*, 110 Idaho 298, 299, 715 P.2d 968, 969 (1986). Where ambiguity exists as to the elements or potential sanctions of a crime, this Court will strictly construe the criminal statute in favor of the defendant. *State v. Thompson*, 101 Idaho 430, 437, 614 P.2d 970, 977 (1980). When the Court must engage in statutory construction, it has the duty to ascertain the legislative intent, and give effect to that intent. *Messenger v. Burns*, 86 Idaho 26, 29, 382 P.2d 913, 915 (1963). To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* at 29–30, 382 P.2d at 915–16.

 Section 37–2705 lists the schedule I controlled substances. Section 37–2732(c)(1), under which Rhode was charged, states the following:

(c) It is unlawful for any person to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this chapter.

(1) Any person who violates this subsection and has in his possession a controlled substance classified in schedule I which is a narcotic drug or a controlled substance classified in schedule II, is guilty of a felony and upon conviction may be imprisoned for not more than seven (7) years, or fined not more than fifteen thousand dollars ($15,000), or both.

There is no specification of the amount that must be possessed to violate § 37–2732(c)(1). Where no minimum is set forth in the statutory language, it is consistent with a plain-language interpretation to hold that even a trace amount satisfies the requirements of this statute. The language of the statute is plain and unambiguous, and a refusal to adopt the usable-quantity rule does not lead to a result which is "palpably absurd."

Although it is not necessary to examine legislative intent where the statutory language is unambiguous, an examination of legislative intent in this case leads to the same conclusion. While it might be argued that the omission of the phrase "any quantity" in the statutory language of § 37–2705(c) indicates that trace amounts of heroin should not be classified as a controlled substance, there would be little sense in legislation which has exempted trace amounts of heroin but not marihuana. *See* I.C. § 37–2705(d)(14). Her-

---

1. Section 37–2705(c) of the Idaho Code reads:
 Any of the following opium derivatives, their salts, isomers and salts of isomers, unless specifically excepted, whenever the existence of these salts, isomers and salts of isomers is possible within the specific chemical designation. . . .

Compare I.C. § 37–2705(d), which reads:
 Any material, compound, mixture or preparation which contains *any quantity* of the following hallucinogenic substances, their salts, isomers. . . .
(Emphasis added).

oin is classified as more dangerous than marihuana.

Legislative intent in this context has been addressed by both this Court and the Court of Appeals. This Court first rejected a usable-quantity rule in a case involving the possession of phencyclidine hydrochloride (PCP). *State v. Collinsworth,* 96 Idaho 910, 539 P.2d 263 (1975). Applying rules of grammatical construction to the applicable statutory language, this Court concluded that the legislature did not intend to require a usable quantity. *Id.* at 914, 539 P.2d at 267. The Court of Appeals, also relying on principles of grammatical construction, has noted that the legislature requires minimum amounts for controlled substances when it is consistent with legislative intent. *See State v. Troughton,* 126 Idaho 406, 411, 884 P.2d 419, 424 (Ct. App. 1994). Most recently, the Court of Appeals addressed the issue of legislative intent in *State v. Groce,* 133 Idaho 144, 983 P.2d 217 (Ct. App. 1999). While examining the plain language of the statute to determine legislative intent, the Court of Appeals also relied on legislative classifications. The court reasoned that schedule I and schedule II narcotics had virtually no accepted medical use in the United States and were comparatively limited in their availability. The court wrote:

> In light of the limited availability of these substances, an individual's possession of such substances is almost illegal *per se.* Thus, although the legislature did not proscribe the possession of "any quantity" of cocaine as it did for methamphetamine, the legislature's classification of cocaine as a Schedule II controlled substance and its limited availability demonstrate that the legislature intended the possession of even trace or residual quantities of cocaine to fall within the scope of I.C. § 37–2732(c).

*Id.* at 151, 983 P.2d at 224. This reasoning applies to the present case as well because heroin is a schedule I narcotic. Legislative intent can be ascertained by applying rules of grammatical construction or by a plain-language interpretation of the statute. Both of these methods lead to the same result. The legislature did not intend to require a usable quantity.

### III.

### CONCLUSION

The judgment of conviction entered in the district court is affirmed.

Chief Justice TROUT and Justices SILAK, WALTERS, and KIDWELL, concur.