72 P.3d 547

**In the Matter of Jane DOE, a Child Under 18 Years of Age.**

**State of Idaho, Plaintiff–Respondent,**

v.

**Jane Doe, Defendant–Appellant.**

No. 28947.

Court of Appeals of Idaho.

June 19, 2003.

Alan E. Trimming, Ada County Public Defender; Priscilla H. Nielson, Deputy Public Defender, Boise, for appellant. Priscilla H. Nielson argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

2

PERRY, Judge.

Jane Doe appeals from the intermediate appellate order of the district court affirming the magistrate's decree that Doe falls within the purview of the Juvenile Corrections Act (JCA) for operating a vehicle without the owner's consent. We reverse the district court's order and vacate the magistrate's decree.

On April 17, 2001, eleven-year-old Doe became angry with her friend. Doe took the friend's bicycle and hid it near some bushes located behind the apartment complex where Doe and her friend lived. Sometime thereafter, the bicycle was stolen. The state filed a petition in the magistrate division of the district court alleging that Doe fell within the purview of the JCA for operating a vehicle without the owner's consent. I.C. § 49–227. Doe filed a motion to dismiss, alleging that a bicycle is not a vehicle. The magistrate denied Doe's motion.

An evidentiary hearing was held and, at the close of the state's evidence, Doe again moved to dismiss the charge. Doe argued that the state had failed to meet its burden of proving that Doe operated the bicycle because there was no evidence that Doe actually rode the bicycle. The magistrate concluded that the term "operate," as used in Section 49–227, contemplated exercising dominion and control over the bicycle. The magistrate further concluded that Doe's act of moving the bicycle, regardless of whether she rode or pushed it, constituted the requisite dominion and control. Therefore, Doe's motion to dismiss was denied. The magistrate concluded that Doe fell within the purview of the JCA for operating a vehicle without the owner's consent.

Doe appealed to the district court, which affirmed. Doe now appeals, contending that a bicycle is not a vehicle for purposes of Section 49–227 and that pushing a bicycle does not satisfy the statutory requirement of operating a vehicle.

 On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *In re Doe*, 133 Idaho 811, 813, 992 P.2d 1211, 1213 (Ct.App.1999). When a violation of a constitutional right is asserted, the appellate court should give deference to the trial court's factual findings unless those findings are clearly erroneous. *Id.* However, the appellate court exercises free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

 The court exercises free review over the application and construction of statutes. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the Court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is "incumbent upon a court to give a statute an interpretation which will not render it a nullity." *State v. Nelson*, 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991).

Idaho Code Section 49–227 provides, in relevant part:

Any person who shall operate a vehicle, not his own, without the consent of the owner, and with intent temporarily to deprive the owner of his possession of such vehicle, without intent to steal the vehicle, shall be guilty of a misdemeanor.... For the purpose of this section vehicle shall include, but is not limited to vehicles de-

fined in section 49–123, Idaho Code, boats, airplanes, snowmobiles, three and four wheel all terrain vehicles, hot air balloons, hang gliders, jet skis and motorcycles.

The term "vehicle," as defined in I.C. § 49–123, includes every device in, upon, or by which any person or property is or may be transported or drawn upon a highway. *See* I.C. § 49–123(2)(a). For the purposes of this opinion, we will assume without deciding that the definition of vehicle encompasses a bicycle.

We now address the issue of whether the statutory term "operate" includes Doe's act of pushing the bicycle. The term "operate" is not statutorily defined. The state relies on the definition of the term "operator," found in I.C. § 49–116(1), in arguing that the legislature intended the term "operate" to include exercising control of a vehicle and not merely a limited type of use. We find the state's argument unconvincing. Under Section 49–116(1), "operator" means every person who is in actual physical control of a *motor vehicle* upon a highway or private property open to public use. By its terms, the statute limits the application of "operator" to motor vehicles. There has been no assertion in this case that a bicycle qualifies as a motor vehicle. Therefore, we do not deem the definition of "operator" found in Section 49–116(1) to be applicable here.

In our view, the meaning of the term "operate," as used in Section 49–227, is to be determined by the classification of vehicles falling within the scope of the statute. The statute includes vehicles defined in Section 49–123, which encompasses those vehicles that are used for transportation purposes. Likewise, each of the vehicles specifically listed in Section 49–227 are devices by which a person is transported from one place to another. Although certain of the vehicles are primarily used as recreational vehicles, they are nevertheless employed as modes of transportation. Because the term "vehicle," for the purposes of Section 49–227, connotes a device used for transportation, this Court concludes that in order for a person to operate a vehicle within the meaning of the statute, that person must be using it as a means of transportation.

Here, in order for the state to meet its burden of proving that Doe unlawfully operated her friend's bicycle, it was required to show that Doe was using the friend's bicycle as a mode of transportation.[1] In other words, the state was required to demonstrate that Doe was riding the bicycle. The state failed to do so. The record indicates that the state's theory of the case was that Doe pushed, rather than rode, the bicycle and that pushing the bicycle was operating the bicycle within the meaning of the statute. When the prosecutor resisted Doe's motion to dismiss at the close of the state's evidence, the prosecutor emphasized that a person pushing a bicycle has actual physical control and, therefore, is operating the bicycle. The only evidence submitted at the evidentiary hearing concerning the manner in which Doe moved the friend's bicycle was presented during Doe's testimony, after the denial of her motion to dismiss. Doe testified that when she took the friend's bicycle, she did not ride it but pushed it to the bushes behind the apartment complex. The state, in cross-examining Doe, referred to moving the bicycle and pushing the bicycle, but never attempted to establish that Doe rode the bicycle. From these facts, it appears that the state did not dispute at trial that the bicycle had been pushed rather than ridden.

On appeal, the state argues that the magistrate was not required to accept Doe's testimony that she did not ride the bicycle. Although we agree with the state's general proposition, the record reflects that the magistrate did not find Doe's testimony incredible. Rather, the magistrate stated that, "I can't find that the testimony of either [the friend] or [Doe] was necessarily not, not credible." This statement implies that the magistrate accepted Doe's testimony as truthful. Furthermore, in announcing its ruling, the magistrate stated that the bicycle

---

1. The Ohio Supreme Court reached a similar conclusion in addressing the issue of whether a person pushing a bicycle along a public road is a pedestrian or an operator of a vehicle subject to Ohio's Uniform Traffic Act. *See Jones v. Santel,* 164 Ohio St. 93, 57 O.O. 106, 107, 128 N.E.2d 36, 38 (1955).

**4**

had been "moved" and gave no indication that it found the bicycle had been ridden. Thus, the magistrate's decision appears to have been based on its belief that the bicycle had been pushed but that pushing was "operating."

Therefore, based upon I.C. § 49–227 and our review of the record, we conclude that the state failed to prove that Doe operated the bicycle within the meaning of the statute. Accordingly, Doe's conduct did not constitute operating a vehicle without the owner's consent. The intermediate appellate decision of the district court is reversed and the magistrate's decree finding that Doe fell within the purview of the Juvenile Corrections Act for operating a vehicle without the owner's consent is therefore vacated.

Judge GUTIERREZ and Judge Pro Tem WESTON concur.