80 P.3d 1103

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Heraclio REYES, Jr., Defendant–Respondent.**

No. 29097.

Court of Appeals of Idaho.

Nov. 26, 2003.

---

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Clark Feeney, Lewiston, for respondent. Paul Thomas Clark argued.

PERRY, Judge.

The state appeals from the decision of the district court affirming the magistrate's order reducing a charge of felony domestic

violence to misdemeanor domestic battery. We reverse the district court and remand for further proceedings.

## I.

### FACTS AND PROCEDURE

During a dispute between Heraclio Reyes, Jr. and his wife, Reyes picked his wife up and threw her to the floor, causing injury to her arm. The state charged Reyes with felony domestic battery. I.C. § 18–918(3). At the preliminary hearing, defense counsel asked the victim whether she had reason to believe that her husband intended to inflict injury upon her. She answered "no." When defense counsel asked if the injury could be described as a "freak accident," the victim responded, "I guess you could say that." Based partly on this testimony, defense counsel argued that the felony domestic battery statute requires a willful and unlawful infliction of a traumatic injury and that the traumatic injury inflicted by Reyes was not willful.

The magistrate found that the offense of felony domestic battery requires a battery and a willful and intentional act of inflicting a traumatic injury and that the state failed to establish probable cause to believe that Reyes willfully inflicted a traumatic injury. The magistrate reduced the charge against Reyes to misdemeanor domestic battery. I.C. § 18–918(5). The state appealed, and the district court affirmed.

The state again appeals, presenting two arguments. The state asserts that the magistrate erred in determining that the felony domestic battery statute requires intent to inflict the specific injury actually suffered by the victim. The state contends that, because the evidence demonstrated that Reyes threw his wife down causing her arm to break, the magistrate should have found probable cause to bind Reyes over to the district court on felony domestic battery. The state also argues that the magistrate exceeded its jurisdiction when it reduced the charge to misdemeanor domestic battery rather than dismissing the charge so that the state could elect to refile another felony offense.

## II.

### STANDARD OF REVIEW

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App.1993). A magistrate's finding of probable cause to believe that a defendant has committed an offense should be overturned only upon a showing that the magistrate abused its discretion. *State v. Gibson,* 106 Idaho 54, 57, 675 P.2d 33, 36 (1983); *State v. Phelps,* 131 Idaho 249, 251, 953 P.2d 999, 1001 (Ct.App.1998). The finding of probable cause must be based upon substantial evidence on every material element of the offense charged, and this test may be satisfied through circumstantial evidence and reasonable inferences to be drawn therefrom. *State v. Munhall,* 118 Idaho 602, 606, 798 P.2d 61, 65 (Ct.App.1990). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

### DISCUSSION

The state argues that the magistrate erred when it determined that the felony domestic battery offense requires a willful infliction of the actual injury suffered by the victim. Based on this determination, the state asserts that the magistrate abused its discretion when it refused to bind Reyes over on the charge of felony domestic violence. The correct interpretation of the statute, the state contends, is that a person must commit a battery and willfully inflict a traumatic

injury rather than willfully inflict the specific injury suffered by the victim. In his briefing, Reyes agrees with the state's interpretation of the statute, arguing however that the magistrate analyzed the charge under that interpretation and still found a lack of probable cause to bind Reyes over for felony domestic violence.

This Court exercises free review over the application and construction of statutes. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is "incumbent upon a court to give a statute an interpretation which will not render it a nullity." *State v. Nelson*, 119 Idaho 444, 447, 807 P.2d 1282, 1285 (Ct.App.1991).

Idaho Code Section 18–918, domestic violence, reads in pertinent part:

(3) Any household member who commits a battery, as defined in section 18–903, Idaho Code, and willfully and unlawfully inflicts a traumatic injury upon any other household member is guilty of a felony.
. . .
(5) A household member who commits a battery, as defined in section 18–903, Idaho Code, against another household member which does not result in a traumatic injury

is guilty of a misdemeanor domestic battery.

Battery is defined in I.C. § 18–903 as willful and unlawful use of force or violence upon the person of another; actual, intentional and unlawful touching or striking of another person against the will of the other; or unlawfully and intentionally causing bodily harm to an individual. The term "wilfully" is defined in I.C. § 18–101(1) as "simply a purpose or willingness to commit the act."

There has been extensive litigation over the constitutionality of I.C. § 18–918. However, appellate courts have not provided an interpretation of the phrase "willfully and unlawfully inflicts a traumatic injury." The state argues that the magistrate interpreted the statute as requiring a person to willfully inflict the traumatic injury the victim actually suffered. In an explanation of its interpretation, the magistrate clarified that the statute requires a household member to commit a battery and a willful and unlawful infliction of a traumatic injury. The magistrate further explained:

I also don't believe that [the legislature] would just stick willfully and unlawfully a second time in front of traumatic injury if they didn't do that for ... some purpose. If they didn't want it in there they could have just left it out, and any household member who committed a battery, which by its definition is unlawful and willful, and they could just have said inflicted a traumatic injury, then I would agree with the state that that's exactly what happened here.

But where they've chose again to put that in under the second part of that, require willful and unlawful infliction of a traumatic injury, I find that there has to be the actual willful and intentional act of actually inflicting that injury.

Based on this explanation, the state asserts that the magistrate required a showing that Reyes willfully inflicted the injury his wife actually suffered—the broken arm. However, based on the magistrate's explanation as a whole, it appears that the magistrate interpreted the statute as requiring a willful infliction of a traumatic injury, not a willful

infliction of the injury actually suffered. We agree with the magistrate's interpretation and conclude that the magistrate used the correct standard. Idaho Code Section 18–918(3) requires that the state show that the defendant willfully and unlawfully inflicted *a* traumatic injury, not that the defendant intended to inflict the particular injury the victim actually suffered.

■ The state additionally argues that, even under this interpretation, the magistrate abused its discretion in finding that the state failed to establish probable cause to bind Reyes over for felony domestic violence. The state contends that it established probable cause to believe that Reyes willfully inflicted a traumatic injury upon his wife because his intent may be inferred from his conduct or the circumstances surrounding the event.

■ The term "probable cause," as it is used regarding preliminary hearings, was defined in *State v. Gibson,* 106 Idaho 54, 57, 675 P.2d 33, 36 (1983) as the establishment of a belief by a reasonable person that the defendant had probably or likely participated in the commission of the offense charged. Case law supports the state's argument that intent may be inferred from the defendant's conduct or from circumstantial evidence. *See State v. Pole,* 79 P.3d 729 (Ct.App. 2003); *State v. Crowe,* 135 Idaho 43, 47, 13 P.3d 1256, 1260 (Ct.App.2000). Additionally, I.C. § 18–115 provides that "intent or intention is manifested by the commission of the acts and surrounding circumstances connected with the offense."

■ In this case, the magistrate found that, because the victim testified that she would agree with the characterization of the events as a freak accident, the state failed to meet the burden of showing the willful and unlawful infliction of a traumatic injury. Although the magistrate properly interpreted the elements of the felony domestic violence statute, we conclude that it did not reach a decision consistent with the definition of probable cause as used in the context of preliminary hearings. At the preliminary hearing, the state is not required to prove the defendant guilty beyond a reasonable doubt. *State v. Holcomb,* 128 Idaho 296, 299, 912 P.2d 664, 667 (Ct.App.1995). A finding of probable cause need only be based upon substantial evidence. I.C.R. 5.1(b). At the hearing, the state need only show that under any reasonable view of the evidence, including permissible inferences, it appears likely that an offense occurred and that the accused committed it. *State v. Wengren,* 126 Idaho 662, 665, 889 P.2d 96, 99 (Ct.App.1995).

The facts of the incident between Reyes and his wife are undisputed. The victim testified that during a disagreement Reyes picked her up so that her feet were not in contact with the floor and then either threw or tossed her down with sufficient force to cause the victim's arm to break. These facts, combined with all reasonable inferences drawn therefrom, would lead a reasonable person to believe that Reyes was probably or likely willing to inflict traumatic injury upon his wife, thus, committing the offense of felony domestic battery. Other than counsel's cross-examination of the two state's witnesses, Reyes proffered no evidence at the preliminary hearing. Therefore, we conclude that the magistrate erred when it determined that the state failed to show probable cause to believe that Reyes willfully inflicted a traumatic injury.

Because we determined that the magistrate erred in failing to bind Reyes over, it is unnecessary for us to address the state's alternative issue—whether the magistrate exceeded its jurisdiction when it reduced Reyes' charge to misdemeanor domestic battery rather than dismissing the charge so that the state could refile.

## IV.

## CONCLUSION

The magistrate correctly interpreted I.C. § 18–918(3) as requiring a person to commit a battery, as defined in I.C. § 18–903, and as requiring that the person willfully inflict a traumatic injury. However, because intent

may be inferred from Reyes' conduct or from circumstantial evidence, the magistrate erred when it determined that probable cause did not exist to establish that Reyes willfully inflicted a traumatic injury. Therefore, we reverse the decision of the district court affirming the magistrate's order reducing felony domestic violence to misdemeanor battery and remand for further proceedings.

Chief Judge LANSING and Judge GUTIERREZ concur.