101 P.3d 235

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Autumn Marie PAULS, Defendant–Appellant.**

**No. 29791.**

Court of Appeals of Idaho.

Nov. 4, 2004.

Roark Law Firm, Hailey, for appellant. R. Keith Roark argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

PERRY, J.

Autumn Marie Pauls appeals from her judgment of conviction and sentence for first degree murder. Specifically, Pauls challenges the district court's order clarifying her sentence and remanding her into the custody of the Idaho Department of Correction (IDOC). For the reasons set forth below, we vacate and remand only for resentencing.

1. Idaho Code Section 20–509(3) reads, in pertinent part:
    Except as otherwise allowed by [I.C. § 20–509(4)], once a juvenile has been found to have committed the offense for which the juvenile was charged, indicted or transferred pur-

I.

## FACTS AND PROCEDURE

At age fifteen, Pauls assisted her aunt in killing the girlfriend of her aunt's estranged husband. Pauls obtained methamphetamine and recruited her ex-boyfriend to help with the murder. On the day of the murder, Pauls, her aunt, and her ex-boyfriend drove to the victim's home and, while the victim was being held down, Pauls's aunt injected the victim with a lethal dose of insulin and methamphetamine.

Pauls was charged with first degree murder and conspiracy to commit first degree murder. The state filed a notice of intent to seek the death penalty. Pursuant to a plea agreement, Pauls pled guilty to one count of first degree murder, I.C. § 18–4001, in exchange for the state withdrawing its notice of intent to seek the death penalty and dismissing the conspiracy charge.

At sentencing, the district court found that it would be inappropriate to sentence Pauls pursuant to adult sentencing measures under I.C. § 20–509(3) [1]. Additionally, it found that it would be inappropriate to sentence Pauls in accordance with juvenile sentencing options pursuant to I.C. § 20–509(4)(a). Thus, the district court sentenced Pauls to life imprisonment, with a minimum period of confinement of twelve years. The district court suspended the sentence, pursuant to I.C. § 20–509(4)(b), and placed Pauls on probation in the custody of the Idaho Department of Juvenile Correction (IDJC). The district court listed the following conditions of Pauls's probation:

1. [Pauls] shall comply with all reasonable program requirements of the State of Idaho Department of Juvenile Corrections and;

2. [Pauls] shall agree upon the return from the State of Idaho Department of Juvenile Corrections on your 21st birthday or before to be sentenced for the remain-

suant to this section ... the juvenile shall thereafter be handled in every respect as an adult. For any subsequent violation of Idaho law, the juvenile shall be handled in every respect as an adult.

der of your determinate twelve (12) year term in the custody of the Idaho Department of Corrections.

3. [Pauls] shall pay $39,642.83 to Victims Compensation Program joint and several with co-defendants . . .

Pauls accepted these terms.

The IDJC periodically provided the district court with progress reports about Pauls and her involvement in various programs. Approximately two and a half years after the sentencing, the IDJC issued a progress report declaring that Pauls "has demonstrated that she is prepared to return to the community and resume the responsibilities of a productive member of society." As a result of the final progress report, the IDJC advised the district court that it would be releasing Pauls from its custody.

The district court held a hearing to prevent Pauls's release and to clarify her sentence. Following the hearing, the district court entered an order remanding Pauls to the custody of the IDOC. Pauls appeals.

Pauls argues that the district court erred by revoking her probation and imposing a previously suspended sentence when there had been no allegation of any violations of the program requirements. Specifically, Pauls contends that the district court acted in contravention of I.C. § 20–509 because the statute does not permit the previously suspended portion of Pauls's sentence to be executed when there is no allegation that Pauls violated the terms of her probation.

## II.

### ANALYSIS

The district court sentenced Pauls pursuant to I.C. § 20–509(4), which provides:

Upon the conviction of a juvenile pursuant to this section, the sentencing judge may, if a finding is made that adult sentencing measures would be inappropriate:

(a) Sentence the convicted person in accordance with the juvenile sentencing options set forth in this chapter; or

(b) Sentence the convicted person to the county jail or to the custody of the state board of correction but suspend the sentence or withhold judgment pursuant to section 19–2601, Idaho Code, and commit the defendant to the custody of the department of juvenile corrections for an indeterminate period of time in accordance with section 20–520(1)(q), Idaho Code. The court, in its discretion, may order that the suspended sentence or withheld judgment be conditioned upon the convicted person's full compliance with all reasonable program requirements of the department of juvenile corrections. Such a sentence may also set terms of probation, which may be served under the supervision of county juvenile probation. However, in no event may the total of the actual time spent by the convicted person in the custody of the department plus any adult sentence imposed by the court exceed the maximum period of imprisonment that could be imposed on an adult convicted of the same crime.

(c) If a convicted person is given a suspended sentence or withheld judgment conditioned upon the convicted person's compliance with all reasonable program requirements of the department pursuant to paragraph (b) of this subsection, and if the department reasonably believes that the convicted person is failing to comply with all reasonable program requirements, the department may petition the sentencing court to revoke the commitment to the department and transfer the convicted person to the county jail or to the custody of the state board of correction for the remainder of the sentence.

Pauls contends that under Section 20–509, a sentencing court may select one of three available options, sentence the juvenile as an adult under Section 20–509(3), sentence the juvenile according to juvenile sentencing options under Section 20–509(4)(a), or sentence the juvenile under Section 20–509(4)(b). Pauls asserts that the district court sentenced her under subsection (b) and, then, after the hearing, revoked her probation and imposed the suspended portion of her adult sentence even though she complied with all program requirements of the IDJC. The state argues that, under Pauls's interpretation—that the district court placed her on

probation and that she could not be ordered to serve the remainder of her sentence in the absence of a violation of that probation—the sentence would be illegal because, under I.C. § 19–2601, a court may not suspend a sentence and place a defendant on probation for murder.

This Court exercises free review over the application and construction of statutes. *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001).

Idaho Code Section 20–509 is unambiguous. If a juvenile is found guilty of a crime, a sentencing court has three options. The sentencing court may sentence pursuant to adult sentencing measures under I.C. § 20–509(3), may impose a sentence pursuant to juvenile sentencing options under I.C. § 20–509(4)(a), or may impose a "blended" sentence pursuant to I.C. § 20–509(4)(b). A blended sentence involves sentencing the juvenile to the county jail or the custody of the IDOC, then suspending the sentence and placing the juvenile in the custody of the IDJC for an indeterminate period of time until the juvenile's twenty-first birthday. If the sentencing court takes the third option, Section 20–509(4)(b), it may order that the suspended sentence or withheld judgment be conditioned upon the juvenile's compliance with all program requirements of the IDJC. If the sentencing court acts under subsection (b) and the juvenile does not comply with the program requirements of the IDJC, the sentencing court may, upon receiving a petition from the IDJC, revoke the IDJC's custody and place the juvenile under the custody of the IDOC for the remainder of the juvenile's sentence pursuant to I.C. § 20–509(4)(c).

However, Section 20–509(4)(b) requires that, if the sentencing court imposes a sentence and then suspends it, the court must do so pursuant to Section 19–2601. Section 19–2601 places limitations on the sentencing court's authority and specifically prohibits a sentencing court from suspending a sentence when the underlying conviction is murder or treason. In this case, Pauls pled guilty to murder, and the district court sentenced her and then suspended her sentence in contravention of Section 19–2601. Therefore, the district court exceeded the boundaries of its discretion and imposed an illegal sentence. Based upon our holding, this Court must vacate Pauls's judgment of conviction and sentence and remand the case solely for the purpose of resentencing pursuant to I.C. § 20–509.

## III.

### CONCLUSION

Idaho Code Section 19–2601 prohibits a sentencing court from suspending a defendant's sentence if the underlying conviction is for murder or treason. Therefore, the district court erred in suspending Pauls's sentence and placing her on probation under Section 20–509(4)(b) when Pauls pled guilty to first degree murder. Accordingly, we vacate Pauls's judgment of conviction and sentence and remand only for resentencing.

Chief Judge LANSING and Judge GUTIERREZ concur.