163 P.3d 244

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Daniel BURTLOW, Defendant– Respondent.**

No. 32999.

Court of Appeals of Idaho.

June 13, 2007.

Hon. Lawrence G. Wasden, Attorney General; Courtney E. Beebe, Deputy Attorney General, Boise, for appellant. Courtney E. Beebe argued.

Alan E. Trimming, Ada County Public Defender; Erik J. O'Daniel, Deputy Public Defender, for respondent. Erik J. O'Daniel argued.

GUTIERREZ, Judge.

The state appeals from the district court's decision reversing the magistrate's denial of Burtlow's motion to dismiss for violation of his statutory right to a speedy trial. We reverse and remand this case for further proceedings.

## I.

## BACKGROUND

On August 13, 2004, Burtlow was cited for following too closely, I.C. § 49–638, and for failure to provide proof of insurance, I.C. § 49–1232, both infractions. On September 2, 2004, he pled guilty to the latter charge and paid the associated fine and court costs. Trial on the remaining charge was set for October 14.

On October 8, less than one week before trial, the state amended the charge from following to closely to inattentive driving, I.C. § 49–1401(3), a misdemeanor. The state did not summon Burtlow into court or seek a warrant. Rather, the state relied on the pending infraction trial date as the trial date on the amended charge. It was not until October 14, the day scheduled for the infraction trial, that Burtlow learned he was now charged with a misdemeanor and had the right to counsel. Burtlow asked for appointed counsel and the magistrate granted his request and set a jury trial for April 4 without arraigning him on the amended charge and providing an opportunity for Burtlow to enter a not guilty plea.

At trial on the misdemeanor charge, Burtlow moved for dismissal based on the alleged failure of the state to afford him a trial within six months of entry of his not guilty plea, as required by I.C. § 19–3501(4). Burtlow contended it had been over six months since he entered his not guilty plea on September 2, 2004, to the infraction of following too closely. Using that date for the attachment of the right to a speedy trial, the magistrate denied the motion under I.C. § 19–3501 after determining that the state was prepared to try the case on October 14, 2004, and that the postponement of trial was attributable to Burtlow's application for a public defender.

Burtlow was found guilty of inattentive driving, convicted, and sentenced to thirty days suspended, a $213.50 fine, and $500 in restitution. Burtlow appealed to the district court. The district court determined that Burtlow's right to a speedy trial was violated because the delay was not attributable to him and the state did not have good cause for delay. Accordingly, the district court reversed the magistrate's decision denying Burtlow's motion to dismiss and remanded the case for dismissal. The state now appeals from the district court's intermediate appellate decision.

## II.

## DISCUSSION

The state contends that because there is no statutory right to a speedy trial on an infraction and because Burtlow was tried within six months after the charge was amended to a misdemeanor, the district court erred in reversing the magistrate's denial of Burtlow's motion to dismiss. On review of a decision of the district court rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman,* 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct.App. 1993). Whether there was an infringement of a defendant's right to speedy trial presents a mixed question of law and fact. *State v. Clark,* 135 Idaho 255, 257, 16 P.3d 931, 933 (2000). We defer to the trial court's findings of fact if supported by substantial and competent evidence; however, we exercise free review of the trial court's conclusions of law. *Id.*

Statutory construction is a question of law. *State v. Reyes,* 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct.App.2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight,* 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar,* 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of

the statute is to be given its plain, obvious, and rational meaning. *Burnight,* 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar,* 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode,* 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard,* 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001). Constructions of a statute that lead to an absurd result are disfavored. *State v. Doe,* 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager,* 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code section 19–3501 mandates that criminal defendants must be brought to trial within specific time limits. In full, the statute provides:

> The court, unless good cause to the contrary is shown, must order the prosecution or indictment to be dismissed, in the following cases:
>
> 1. When a person has been held to answer for a public offense, if an indictment or information is not found against him and filed with the court within six (6) months from the date of his arrest.
>
> 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.
>
> 3. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant was arraigned before the court in which the indictment is found.
>
> 4. If a defendant, charged with a misdemeanor offense, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant enters a plea of not guilty with the court.
>
> 5. If a defendant, charged with both a felony or multiple felonies and a misdemeanor or multiple misdemeanors together in the same action or charging document, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the information is filed with the court.
>
> 6. If a defendant, charged with both a felony or multiple felonies and a misdemeanor or multiple misdemeanors together in the same action or charging document, whose trial has not been postponed upon his application, is not brought to trial within six (6) months from the date that the defendant was arraigned before the court in which the indictment is found.

At oral argument, defendant's counsel conceded that section 19–3501 does not apply to infractions. Idaho Code section 19–3501 makes no provision for infractions which are prosecuted by filing a citation or a written complaint pursuant to Idaho Infraction Rule 3(a), (b). In his motion for dismissal before the magistrate, Burtlow did not raise any issue beyond the confines of I.C. § 19–3501.

Burtlow argues instead that when an infraction charge is amended to a misdemeanor and a defendant does not reenter a not guilty plea, the attachment date for purposes of I.C. § 19–3501(4) relates back to the time of the plea of not guilty on the infraction. The plain language of I.C. § 19–3501(4) does not provide for a relation-back, however, and no procedural issues regarding the absence of an arraignment on the misdemeanor charge were raised below or are now before us on appeal. Because the time to trial from the misdemeanor charge, once so amended, was less than six months, Burtlow received a speedy trial as mandated by I.C § 19–3501(4).

## III.

## CONCLUSION

The district court erred in reversing the magistrate's denial of Burtlow's motion to dismiss for violation of his statutory right to

a speedy trial. Idaho Code section 19–3501 does not apply to infractions. Burtlow's trial on the amended misdemeanor charge occurred within six months as required by I.C. § 19–3501(4). We therefore reverse the district court and remand the case for further proceedings consistent with this opinion.

Chief Judge PERRY and Judge LANSING concur.