# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 36685

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 477 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 21, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KIP LEROY JOHNSON, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentence, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Kip Leroy Johnson pled guilty to felony driving under the influence, I.C. § 18-8004 and 18-8005(7), and admitted to being a persistent violator, I.C. § 19-2514. The district court sentenced Johnson to a determinate term of five years, suspended the sentence, and placed Johnson on probation. Johnson thereafter violated the terms of his probation, and the district court ordered execution of his sentence. Johnson filed an I.C.R. 35 motion for correction of an illegal sentence, which the district court denied on May 20, 2009. Johnson appeals.

The state alleges that Johnson's appeal is untimely as he failed to file his notice of appeal within forty-two days of the district court's order. Johnson's notice of appeal was filed with the district court on July 13, 2009. However, according to the prison mail log, he delivered it to

1

prison officials on June 2, 2009. Therefore, Johnson did timely file his notice of appeal, giving it to prison officials only thirteen days after the appealable order was entered.

Johnson argues that his sentence is illegal because duplicative multiple enhancements may not be applied to one substantive crime. The Idaho Supreme Court specifically rejected the argument that multiple enhancements could not be applied to the same underlying crime. *State v. Kerrigan,* 143 Idaho 185, 188, 141 P.3d 1054, 1057 (2006). The Court looked at whether legislative intent that two enhancements not apply could be gleaned either from the statutes at issue or from underlying legislative intent. *Id.*

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

The persistent violator statute, I.C. § 19-2514, states that it applies to any person convicted for the third time of the commission of a felony. There is no language in this statute that would limit its application where one of the prior felony convictions is for driving under the influence (DUI) and is being used to enhance the current DUI to a felony. The plain language of the felony DUI statute, I.C. § 18-8005(7), is that a DUI is a felony if the person has pled guilty or has been found guilty of a felony violation within ten years. Again, there is no language

supporting the claim that the felony DUI statute meant to exclude prior felony DUI convictions for consideration if they were the basis for a persistent violator enhancement.

The language of the applicable statutes is plain. Johnson's DUI was a felony because he had a prior felony DUI conviction within ten years of the instant DUI. He was a persistent violator because this was his third felony conviction. Both of these independent statutes clearly apply to the facts of this case, and Johnson has not shown that the legislature did not intend for both to apply. Therefore, the district court's order denying Johnson's Rule 35 motion is affirmed.