**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36881**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 738 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 8, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AMBER FAYE MARTINEZ, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Michael E. Wetherell, District Judge.

Execution of unified five-year sentence with two-year determinate term for possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before LANSING, Chief Judge; GUTIERREZ, Judge;
and GRATTON, Judge

_____

PER CURIAM

Amber Faye Martinez pled guilty to possession of a controlled substance with intent to deliver.  Idaho Code § 37-2732(a).  The district court imposed a unified five-year sentence with a two-year determinate term and retained jurisdiction.  After a period of retained jurisdiction the district court re-imposed sentence and again retained jurisdiction.  After the second period of retained jurisdiction, the district court suspended the sentence and placed Martinez on supervised probation.  Subsequently, Martinez admitted to violating several terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Martinez appeals, contending that the district court abused its discretion in revoking probation and that the sentence is excessive.

1

As an initial issue, we must address whether the district court lacked statutory authority to order a second period of retained jurisdiction in Martinez's case without having first placed her on probation. The State argues that I.C. § 19-2601(4) authorizes a court to order a second period of retained jurisdiction only if the defendant is first placed on probation at the end of the initial period of retained jurisdiction. In this case, the district court retained jurisdiction for 180 days. At the end of the retained jurisdiction period the district court purported to "re-impose sentence" and ordered a second period of retained jurisdiction without an intervening period of probation. The State contends that because the district court did not have jurisdiction to place Martinez on probation, both the court's orders placing her on probation and its subsequent order revoking her probation are void. Martinez argues that the district court has jurisdiction, under the statute, to order a second, consecutive period of retained jurisdiction without an intervening period of probation.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

2

Idaho Code Section 19-2601 governs commutation, suspension, and withholding of sentences and includes subsections on retained jurisdiction and probation. Subsection (4) was amended in 1998 and now provides, in relevant part, that "[t]he court in its discretion may sentence a defendant to more than one (1) period of retained jurisdiction *after a defendant has been placed on probation in a case*." I.C. § 19-2601(4) (emphasis added). The language dealing with a second period of retained jurisdiction was added apparently in response to the Idaho Supreme Court's decision in *State v. Travis*, 125 Idaho 1, 867 P.2d 234 (1994). In that case, the district court sentenced Travis, but retained jurisdiction. At the conclusion of the first period of retained jurisdiction, the district court suspended Travis's sentence and placed him on probation. Travis violated the conditions of his probation and the district court revoked probation, but retained jurisdiction for a second time. On appeal, the State argued that the district court lacked the authority to order a second period of retained jurisdiction. The version of I.C. § 19-2601(4) at issue in that case did not contain any language providing for a second period of retained jurisdiction. Therefore, on appeal, the Court concluded that the district court exceeded its authority under I.C. § 19-2601(4) by ordering a second period of retained jurisdiction. *Travis,* 125 Idaho at 7, 867 P.2d at 240.

The plain meaning of "after a defendant has been placed on probation in a case" from I.C. § 19-2601(4) leads us to conclude that a district court may order a second period of retained jurisdiction only after a defendant has been placed on an intervening period of probation. Absent inherent power, a sentencing court has only the authority granted by the legislature. *State v. Funk,* 123 Idaho 967, 969, 855 P.2d 52, 54 (1993). In response to the Idaho Supreme Court's decision in *Travis,* and based on the facts of that case, the legislature amended I.C. § 19-2601(4) to provide a sentencing court with the authority to order a second period of retained jurisdiction only after suspending sentence and placing a defendant on probation.[1] Therefore, we conclude that the district court lacked the authority in this case to order a second period of retained jurisdiction without placing Martinez on an intervening period of probation. The district court lost jurisdiction at the conclusion of the first period of retained jurisdiction without having placed

---

[1]  Idaho Code § 19-2601(4) was recently amended to provide for a period of retained jurisdiction of up to 365 days, but did not change the provision regarding a second period of retained jurisdiction "after a defendant has been placed on probation in a case." 2010 Idaho Sess. Laws ch. 350, § 1.

Martinez on probation.  Martinez remains in the custody of the Department of Corrections with the underlying sentence executed.

Therefore, we affirm the execution of Martinez's previously suspended sentence.