**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37640**

| | |
|---|---|
| STATE OF IDAHO, | ) 2011 Opinion No. 51 |
| | ) |
| Plaintiff-Respondent, | ) Filed: August 16, 2011 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| RICHARD LEE BROWN, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge. Hon. Cheri C. Copsey, District Judge

Judgment of conviction and unified sentence of eight years, with a minimum period of confinement of one year, for failure to register as a sex offender, affirmed.

Molly J. Huskey, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer E. Birken, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Richard Lee Brown appeals his judgment of conviction for failure to register as a sex offender, Idaho Code § 18-8307. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Richard Lee Brown pled guilty, in this case, to failure to register as a sex offender, I.C. § 18-8307. At the time of Brown's plea he was on probation, in a separate case, for grand theft. The day before the sentencing in this case the district court, in the grand theft case, revoked Brown's probation because of his guilty plea in this case, executed a seven-year unified sentence with two years determinate, and retained jurisdiction. Thereafter, the district court in this case imposed an eight-year unified sentence with one year determinate, to run consecutive to Brown's

1

sentence for grand theft. Based upon the district court's interpretation of I.C. § 18-8311(1), the court in this case indicated that it had no ability to retain jurisdiction and, in fact, was required to and did revoke Brown's probation in the grand theft case and relinquished that court's jurisdiction. Brown now appeals.

## II.

## DISCUSSION

Brown claims that the district court abused its discretion because it erroneously interpreted I.C. § 18-8311(1) to preclude the court from retaining jurisdiction in this case. In this appeal, Brown does not seek review of the district court's order revoking Brown's probation and relinquishing the grand theft court's jurisdiction.[1]

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this

---

[1]    Brown belatedly filed a notice of appeal in the grand theft case asserting that the court in this case did not have jurisdiction to revoke probation and relinquish jurisdiction in the grand theft case. However, the Idaho Supreme Court dismissed the appeal as untimely. Therefore, Brown states that he "does not raise as a separate issue on appeal that the district court lacked the jurisdiction to re-revoke his probation and execute his sentence" in the grand theft case; and we offer no opinion as to whether I.C. § 18-8311(1) required that the retention of jurisdiction in the grand theft case be terminated without allowing the presiding judge in that case to decide whether the sentence in that case should be modified upon relinquishment of jurisdiction.

Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004).

Idaho Code § 18-8311(1) provides:

> An offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by this chapter shall be guilty of a felony and shall be punished by imprisonment in the state prison system for a period not to exceed ten (10) years and by a fine not to exceed five thousand dollars ($5000). If the offender is on probation or other supervised release or suspension from incarceration at the time of the violation, the probation or supervised release or suspension shall be revoked and the penalty for violating this chapter shall be served consecutively to the offender's original sentence.

As noted, the district court indicated that the statute required imposition of a prison term consecutive to the grand theft sentence and that it precluded any ability to retain jurisdiction. In addition, the district court determined that it was required to revoke Brown's probation in the grand theft case and relinquish jurisdiction in that case. Brown contends that the statute contains no express language precluding retention of jurisdiction. Brown further argues that the statute does not impose a mandatory minimum sentence which would preclude suspension of sentence.

The State asserts that whether or not the statute allows retention of jurisdiction, in this case, the district court was effectively precluded from retaining jurisdiction. The State argues that since Brown's grand theft sentence was executed, Brown was required to serve at least the two-year determinate term in that case. Consequently, the district court in this case, as a practical matter, could not retain jurisdiction because the period of retained jurisdiction would run prior to the expiration of Brown's two-year determinate term. Since it is uncontested that the statute requires a mandatory sentence of imprisonment in this case to run consecutive to the imprisonment in the grand theft case, the court could not retain jurisdiction in this case. We agree. The statute requires a sentence of imprisonment in this case to be served consecutive to

3

the grand theft sentence.[2]  The district court could not retain jurisdiction consecutive to the grand theft sentence.  A period of retained jurisdiction begins to run at the time of sentencing.  I.C. § 19-2601(4).

## III.

## CONCLUSION

Brown  failed to demonstrate that the district court abused its discretion in failing to retain jurisdiction.  Therefore, Brown's judgment of conviction and sentence are affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**

---

[2]  Brown argues that a period of retained jurisdiction is a period of imprisonment not exceeding ten years which would satisfy the sentencing requirements of the statute.  However, because the retained jurisdiction period would begin upon sentencing, it could not be consecutive to the sentence in the grand theft case, as required by the statute.