**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37213**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **2011 Opinion No. 38** |
| Plaintiff-Respondent, ) | |
| ) | **Filed: June 29, 2011** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| DAVID LEROY LEE, ) | |
| ) | |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for failure to register as a sex offender, affirmed.

Molly J. Huskey, State Appellate Public Defender; Spencer J. Hahn, Deputy Appellate Public Defender, Boise, for appellant. Spencer J. Hahn argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

GRATTON, Chief Judge

David Leroy Lee appeals from his judgment of conviction for failing to register as a sex offender. Idaho Code § 18-8309. Specifically, Lee asserts that the district court erred by denying his Idaho Criminal Rule 29 motion for judgment of acquittal. In addition, Lee contends that I.C. § 18-8309 is unconstitutionally vague. For the reasons set forth below, we affirm Lee's judgment of conviction.

**I.**

**FACTS AND PROCEDURE**

Lee, a convicted sex offender, was paroled in 2001. Upon his release from prison, Lee provided the Idaho State Police Sex Offender Registration Unit with a Boise address. Lee was placed on electronic monitoring and was required to wear an ankle bracelet to track his movements. Lee's parole officer visited Lee's Boise home monthly. Approximately seven months after Lee moved to his Boise address, Lee's neighbors notified his parole officer that he

1

had moved from his residence. The parole officer visited Lee's home and discovered that Lee's personal belongings were missing from the home and that his electronic monitoring bracelet had been left on his bed.

Thirty days later, Lee was charged with failure to register, I.C. § 18-8309, after his parole officer had been unsuccessful in locating Lee. In 2002, the Idaho State Police sent an annual sex offender registration notice to Lee's last known address. The notice was returned in an envelope marked "return to sender." The envelope also displayed a forwarding address sticker with Lee's name and a different Boise address. In 2009, evidence presented during Lee's parole violation hearing revealed that Lee had "traveled around" after leaving Idaho and eventually "ended up" in Belize.[1]

Upon Lee's return to Idaho, the State filed an amended information for his 2001 failure to register charge, alleging specifically that Lee had changed his address and failed to notify either a county sheriff or the Idaho State Police. At a trial for failure to register, Lee moved for a judgment of acquittal at the close of the State's case, arguing that the evidence presented by the State was insufficient to prove the charged offense. The district court reserved ruling and submitted the State's case to the jury. Lee declined to present evidence in his defense. The jury subsequently found Lee guilty of failing to register under I.C. § 18-8309.

Following the jury's verdict, Lee filed a Rule 29 motion for judgment of acquittal, asserting that there was insufficient evidence to sustain his conviction. Specifically, Lee argued that I.C. § 18-8309 required the State to demonstrate that Lee changed his address to a new residence within the state of Idaho or another state. Lee contended that the State failed to establish where Lee moved once he left his Boise residence. After a hearing, the district court denied Lee's motion, agreeing with the State's assertion that I.C. § 18-8309 did not require the State to demonstrate a particular address for Lee once he left his Boise residence. The district court held that the State sufficiently proved that Lee no longer lived at his last known address and that he failed to notify the authorities of his new address. Lee appeals, challenging the district court's denial of his motion for judgment of acquittal.

---

[1] No evidence was presented at trial regarding the specific circumstances surrounding Lee's return to Idaho.

## II.

## ANALYSIS

Lee asserts that the district court erred by denying his Rule 29 motion for judgment of acquittal because there was insufficient evidence presented at trial to convict him of failure to register as a sex offender. Lee further contends that I.C. § 18-8309 is unconstitutionally vague because the statute does not provide fair notice of the elements of the crime when a sex offender moves to a foreign country.

Idaho Criminal Rule 29 provides that, when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code Section 18-8309 provides, in relevant part: [2]

---

[2] Lee was initially charged with failing to register under I.C. § 18-8309 in 2001. However, due to Lee's absence, trial was not held until 2009. Idaho Code Section 18-8309 was amended in 2006, changing the number of days required for notification of the new address from five working days to two working days. With the exception of the number of days required for notification, the statute prior to the 2006 amendment is identical to the statute in its current form. Although the 2001 version of the statute is applicable to Lee's conduct in this case, for the sake of clarity, this opinion will refer to the statute in its current form.

(1) If an offender changes address or actual residence, the offender shall provide written notice of the new address within two (2) working days after the change to the sheriff of the county where the offender is required to register. . . .

(2) If an offender changes address to another state, the offender shall provide written notice of the new address within two (2) working days after the change to the [Idaho State Police].

The amended information in this case alleged that Lee violated I.C. § 18-8309 by failing to provide written notice to the sheriff of the county where he was required to register of his new address or, in the alternative, by failing to provide written notice to the Idaho State Police of his new address after he changed his address to another state. Although Lee was charged with "failure to register as a sex offender," I.C. § 18-8309 deals primarily with failure to provide notice of the offender's new address. A different code section, I.C. § 18-8307, requires an offender to register immediately upon coming to a county to establish permanent or temporary residency and to register annually with the sheriff of the county where the offender resides. Idaho Code Section 18-8307 sets out the requirements for such registration, including that the offender register in person and provide his or her name, address, fingerprints, and list of offenses committed. Idaho Code Section 18-8309 does not have the same requirements and provides that the written notice regarding the offender's change of address shall be on a form furnished by the Idaho State Police.

The State did not allege in the information or at trial that Lee failed to register annually or initially upon moving to Boise under I.C. § 18-8307. Rather, the State alleged that Lee failed to provide notice of his new address after he moved out of his Boise home. However, the jury instructions and his judgment of conviction indicated that Lee had "failed to register." Therefore, this opinion shall refer to Lee as having "failed to register," even though it may be more properly phrased that Lee failed to provide notice of his new address.

At the conclusion of the jury trial, Lee filed a Rule 29 motion for judgment of acquittal, asserting that the State failed to prove that Lee changed his address to another location in Idaho or in another state as required by I.C. § 18-8309. The district court denied Lee's motion, concluding that I.C. § 18-8309, while poorly worded, only required the State to prove that Lee no longer lived at his previous address and failed to provide notice to the authorities. The district court held:

4

So I don't think it's necessary to prove the new address, and I don't think this is a situation in which the issue about another state or another country is particularly dispositive, since clearly [Lee] had changed his address and failed to provide written notice, so I'm going to deny the motion for judgment of acquittal.

On appeal, Lee asserts that the district court's interpretation of the statute was in error because the plain meaning of I.C. § 18-8309 requires a sex offender to provide notice of a change of address only if the offender moves within the state of Idaho or to another state. Therefore, Lee asserts, because the State failed to demonstrate where Lee moved after leaving his last known address, there was insufficient evidence to support his conviction.

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001). Constructions of a statute that would lead to an absurd result are disfavored. *State v. Doe*, 140 Idaho 271, 275, 92 P.3d 521, 525 (2004); *State v. Yager*, 139 Idaho 680, 690, 85 P.3d 656, 666 (2004). The Court will not deal in subtle refinements of the legislation, but will ascertain and give effect to the purpose and intent of the legislature, based on the whole act and every word therein, lending substance and meaning to the provisions. *State v. Payne*, 146 Idaho 548, 575, 199 P.3d 123, 150 (2008).

The State argues that, in order to convict an offender for failing to register under I.C. § 18-8309, the State must prove that the offender no longer resided at his or her last known address and failed to notify authorities of his or her new address. In other words, the State

asserts that it is not required to prove that the offender moved to a particular location. The State further asserts that, because county sheriffs are required to report any changes of address to the Idaho State Police Sex Offender Registration Unit's central registry, the lack of a notification within the central registry is sufficient to demonstrate that an offender has failed to notify the proper authorities. The State contends that the issue of whether an offender notifies a county sheriff or the Idaho State Police is a matter of administrative procedure and is not an element of the offense to be proved by the State.

As noted, the plain meaning of a statute will prevail unless clearly expressed legislative intent is contrary or unless the plain meaning leads to absurd results. *Gillihan v. Gump*, 140 Idaho 264, 266, 92 P.3d 514, 516 (2004). By enacting I.C. § 18-8309, the legislature criminalized an offender's failure to notify the proper authorities upon his or her change of address. The intent of the legislature and the policy behind the statute is clearly expressed: "[T]his state's policy is to assist efforts of local law enforcement agencies to protect communities by requiring sexual offenders to register with local law enforcement agencies . . . ." I.C. § 18-8302. The statute does not prohibit an offender from moving, nor does it require that an offender provide notice of his or her move to the central registry in general. Rather, the statute requires that the sex offender who changes address provide notice to local authorities within a certain time frame. Consequently, in order to prove a violation, the State is required to prove that the sex offender changed residence and that notification of the change of residence was not accomplished within the time frame provided in the statute.[3] A move within the state requires notification of the county sheriff and a move outside the state requires notice to the Idaho State Police. Quite simply, the statute, consistent with the clear intent of the act as a whole, makes it a crime when a sex offender fails to provide notice of his or her change of address to law enforcement upon changing residences.

Lee contends that the amendment of the statute from requiring notice before a move to allowing the offender time to provide notice after the move changes to whom the notice is to be directed. Consequently, Lee asserts that the State is required to prove the exact location of the

---

[3] The previous version of the statute provided that an offender was required to notify local authorities prior to a move. I.C. § 18-8304(2) (1993). In other words, an offender was required to notify the local authorities before his or her address change. While the time frame for providing notice changed, the requirement that local authorities be notified did not change.

6

new residence in order to demonstrate the failure to provide notice to a particular local authority. The State contends that the purpose of I.C. § 18-8309 would be contradicted, and an absurd result obtained, if the State was required to prove where the offender has moved. We agree. As the State points out, requiring proof of the offender's new location would mean that an offender could avoid prosecution by hiding out or lying to authorities about his or her new address. Moreover, the statute simply requires that the offender provide notice to "the sheriff of the county where the offender is required to register" or the Idaho State Police. Proof of the failure of the offender to register with a county sheriff or the Idaho State Police satisfies the State's burden.

At trial, the State presented evidence that Lee no longer lived at his Boise address. The parole officer testified that neighbors notified her that Lee had moved out of his home. The parole officer also testified that, when she visited Lee's residence, she discovered that Lee had removed his electronic monitoring bracelet and personal items from the home. The parole officer also testified that she witnessed Lee testify at his parole violation hearing that he had "traveled around" after leaving Idaho and "ended up" in Belize. An employee of the Idaho State Police's Sex Offender Registration Unit testified that Lee's sex offender file did not contain a change of address notification form. The employee also testified that, when she attempted to notify Lee of his duty to provide his annual registration, the notice was returned in an envelope marked "return to sender." The State introduced the envelope containing the notice as an exhibit at trial. The envelope also displayed a forwarding address for Lee in Boise, which was different than his last known address.[4] The State proved that Lee moved from his Boise residence and did not, at any time thereafter, provide notice to either a county sheriff or the Idaho State Police. Thus, the State presented sufficient evidence to sustain Lee's conviction for failure to register under I.C. § 18-8309. As such, the district court did not err by denying Lee's Rule 29 motion for judgment of acquittal.

Lee also argues that his rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution were violated because I.C. § 18-8309 is

---

[4] On appeal, the state asserts that the testimony regarding the abandonment of Lee's home and the envelope returned to the Idaho State Police demonstrated that Lee established a new address in Boise. However, at trial, there was no testimony or other evidence presented regarding the envelope, including whether the forwarding address indicated a new address for Lee or a previously used one.

unconstitutionally vague as applied to his conduct. Lee questions whether the statute is clear as to international changes of address, since the Idaho State Police are to be notified if the offender changes address "to another state." Lee failed to assert and, therefore, preserve this issue in the district court for appellate review. As a general rule, Idaho appellate courts will not consider the constitutionality of a statute for the first time on appeal. *State v. Key*, 149 Idaho 691, 695, 239 P.3d 796, 800 (Ct. App. 2010). Moreover, Lee's claim is nothing more than a theoretical constitutional issue. As noted, the parole officer testified that she witnessed Lee testify at his parole violation hearing that he had "traveled around" after leaving Idaho and "ended up" in Belize. That Lee may have ended up in Belize sometime during his eight years on the run, does not present an as applied constitutional question of notice under the statute.

## III.

## CONCLUSION

Idaho Code § 18-8309 requires a sex offender to provide notice of his or her change of address to law enforcement upon changing residences. The State is required to prove that the sex offender changed residence and that notification of the change of residence was not accomplished within the time frame provided in the statute. The State presented sufficient evidence to sustain Lee's judgment of conviction. Therefore, the district court did not err in denying Lee's motion for judgment of acquittal. Lee failed to preserve the constitutional issue presented on appeal. Accordingly, Lee's judgment of conviction for failure to register as a sex offender is affirmed.

Judge GUTIERREZ **CONCURS**.

Judge MELANSON, **DISSENTING**

I respectfully dissent. I begin with the plain language of Idaho Code Section 18-8309 which provides, in relevant part:

> (1) If an offender changes address or actual residence, the offender shall provide written notice of the new address within two (2) working days after the change to the sheriff of the county where the offender is required to register. . . .
> (2) If an offender changes address to another state, the offender shall provide written notice of the new address within two (2) working days after the change to the [Idaho State Police].

8

Idaho Code Section 18-8309 contains two distinct notification requirements for a sex offender who changes his or her address.[5] The plain language of Subsection (1) instructs an offender who has changed his or her address within the state of Idaho to notify the sheriff of the county where he is required to register. The plain language of Subsection (2) requires an offender who has changed his or her address to another state to notify the Idaho State Police of the change. Each of the sections plainly contains a condition precedent to the notification requirement--the offender must change his or her address to either a county within the state of Idaho or to another state.

The jury instructions given in this case were completely consistent with the statute's plain language requiring the state to demonstrate that Lee moved either within the state of Idaho or to another state:

> In order for [Lee] to be guilty of Failing to Register as a Sex Offender, the state must prove each of the following:
> 1. On or about October 9, 2001
> 2. in the state of Idaho
> 3. the defendant David Leroy Lee
> 4. failed to provide written notice of the new address to *the sheriff of the county where the defendant is required to register* within five (5) working days after [Lee] changed his address or actual residence or,
> in the alternative, failed to provide written notice to the Idaho State Police of the new address within five (5) working days *after he changed his address or actual residence to another state*, and
> 5. [Lee] was at the time required to register under the Sex Offender Registration Act.
> If any of the above has not been proven beyond a reasonable doubt, you must find [Lee] not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find [Lee] guilty.

(emphasis added). The state argued before the jury at trial and on appeal that the location of Lee's new residence was of no importance. However, such an argument is contrary to the plain meaning of the statute and the plain language contained in the jury instructions. Notification of either the sheriff of the county where the offender is required to register or the Idaho State Police is an element of the offense.

---

[5] Subsection (3) of the statute discusses the notification requirements for an offender who changes his or her legal name.

In spite of the plain language of the statute, the district court denied Lee's Rule 29 motion as follows:

> So, I don't think it's necessary to prove the new address, and I don't think this is a situation in which the issue is about another state or another country is particularly dispositive, since clearly [Lee] had changed his address and failed to provide written notice, so I'm going to deny the motion for judgment of acquittal.

This ruling would have been sound if the statute simply prohibited a registered sex offender from changing his or her address without providing notice. It does not do so.

The state contends that the purpose of I.C. § 18-8309 would be contradicted if the state was required to prove where the offender has moved. The state argues that requiring proof of the offender's new location would mean that an offender could avoid prosecution by hiding out or lying to authorities about his or her new address. Criminals may avoid prosecution for numerous crimes by avoiding capture or failing to notify law enforcement of their location. However, such circumstances do not change the plain meaning of this statute, which requires an offender to provide written notice of his or her new address to a particular authority, depending on whether the new address is located within the state of Idaho or in another state. This does not mean that the state must prove the exact street address of the offender at all times after his or her move. I recognize the difficulty posed by the statute as written because it may allow an offender to drift from place to place or move to a foreign country without notifying the authorities. While the language of the statute reveals what was probably the legislature's intent to require offenders to notify authorities when they change their address, I cannot ignore the language of the statute that particularly describes the requirements for such notification. Therefore, the plain language of I.C. § 18-8309 reveals that the state must prove that the offender moved either within the state of Idaho or to another state in order to demonstrate whether the offender correctly complied with the requirements of the statute by notifying the proper authority--either the county sheriff or the Idaho State Police.

At trial, the state presented evidence that Lee no longer lived at his Boise address. First, the parole officer testified that neighbors notified her that Lee had moved out of his home. The parole officer also testified that, when she visited Lee's residence, she discovered that Lee had removed his electronic monitoring bracelet and personal items from the home. The parole officer also testified that she witnessed Lee testify at his parole violation hearing that he had "traveled around" after leaving Idaho and "ended up" in Belize. An employee of the Idaho State

10

Police's Sex Offender Registration Unit testified that Lee's sex offender file did not contain a change of address notification form. The employee also testified that, when she attempted to notify Lee of his duty to provide his annual registration, the notice was returned in an envelope marked "return to sender." The state introduced the envelope containing the notice as an exhibit at trial. The envelope also displayed what might possibly have been a forwarding address for Lee in Boise, which was different than his last known address. On appeal, the state asserts that the testimony regarding the abandonment of Lee's home and the envelope returned to the Idaho State Police demonstrated that Lee established a new address in Boise. However, at trial, there was no testimony or other evidence presented regarding the envelope, including whether the supposed forwarding address indicated a new address for Lee or a previously used one. Aside from the envelope, the state did not present any other evidence indicating that Lee had moved from his address in Boise to another address within the state of Idaho. Even the prosecutor knew that the envelope did not add anything to the state's case. During the state's closing argument, the prosecutor made the following remarks:

> One thing that you will notice is absent from these instructions is any requirement upon the State to prove exactly where [Lee] moved to. We don't know from the evidence that's before you exactly to where [Lee] moved following his abandonment of his apartment on October 1, 2001.
> . . . .
> The State is not required to prove that [Lee] moved to address A or address B in the -- either in Idaho, or in California, or in Wisconsin. The State does not have to prove that.

Based on these remarks, whatever the envelope might have demonstrated was negated. Thus, the state presented insufficient evidence to sustain Lee's conviction for failure to register under I.C. § 18-8309. Thus, there was insufficient evidence to support Lee's conviction for failure to register under I.C. § 18-8309(1). The state also presented no evidence at trial to indicate that Lee had changed his address to another state. Therefore, there was insufficient evidence to support a conviction for failure to register under I.C. § 18-8309(2). Essentially, the state proved only that Lee no longer lived at his previous address and that he had "traveled around" after leaving Idaho and he "ended up" in Belize.

The obvious policy and purpose of the statute are salutary. Law enforcement and others with a legitimate interest should be informed of the location of sex offenders. Furthermore, a law prohibiting sex offenders from moving without promptly notifying law enforcement would

further that policy. However, I.C. § 18-8309 plainly and unambiguously requires the state to do more than simply prove that an offender has moved without providing notice in order to sustain a criminal conviction. The majority acknowledges that, where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. The majority then proceeds to engage in statutory construction by attempting to ascertain and give effect to legislative intent. Whether this statute should be amended to better accomplish its purpose is a matter, I think, to be decided by our Legislature, not this Court. Therefore, with respect, I dissent.