97 P.3d 479

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Gaylin Ted PATTERSON, Defendant–Appellant.**

No. 29573.

Court of Appeals of Idaho.

June 22, 2004.

Review Denied Sept. 3, 2004.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Melissa Nicole Moody, Deputy Attorney General, Boise, for respondent.

PERRY, Judge.

Gaylin Ted Patterson appeals from his judgment of conviction for felony driving under the influence (DUI) and misdemeanor resisting a public officer. Specifically, Patterson challenges the district court's denial of his motion to suppress. For the reasons set forth below, we affirm.

## I.

### FACTS AND PROCEDURE

In June 2001, an officer noticed a vehicle being driven with what appeared to be a broken taillight emitting white light. The officer followed the vehicle and activated his overhead lights. The driver of the vehicle, Patterson, turned left across traffic and parked on the wrong side of the road with his front tire on the sidewalk. Patterson exited the vehicle and, according to the officer, staggered toward him. The officer requested Patterson's registration and insurance documents, which Patterson retrieved. While talking to Patterson, the officer noticed that Patterson's eyes were glossy and that he smelled of alcohol. The officer asked Patterson to return to his vehicle while the officer performed a driver's license check.

When the officer returned to Patterson's vehicle, Patterson was reclined in the driver's seat smoking a cigarette. The officer asked Patterson to exit his vehicle numerous times but Patterson refused. The officer called for back-up and both officers attempted to get Patterson to exit his vehicle. When Patterson continued to refuse, an officer informed Patterson that he was under arrest for obstructing and delaying an officer. The officers again asked Patterson to exit the vehicle and, after Patterson refused, an officer attempted to open the door himself. The officer's attempt was unsuccessful. The other officer broke the passenger side window with his baton, and Patterson was taken into custody.

Patterson was charged with DUI, I.C. §§ 18–8004, 18–8005, and misdemeanor resisting a public officer, I.C. § 18–705. Patterson filed a motion to suppress all the evidence obtained subsequent to the stop on the basis that the stop was illegal. At a hearing on the motion, the officer testified that he stopped Patterson's vehicle because he believed that the taillight did not comply with Idaho law. After the hearing, the district court suppressed one statement made by Patterson but issued an order denying Patterson's motion with respect to all of the other evidence. Patterson filed a motion for reconsideration, which the district court denied.

A jury found Patterson guilty of felony DUI and misdemeanor resisting a public officer. The district court sentenced Patterson to a unified term of five years, with a minimum period of confinement of two years, for DUI and a concurrent term of ninety days for resisting a public officer. Patterson appeals, arguing that the district court erred in denying his motion to suppress evidence obtained as a result of the stop because the

officer did not have reasonable, articulable suspicion to effectuate the stop.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact which are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct.App.1999).

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996). Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct.App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct.App.1999). Suspicion will not be found to be justified if the conduct observed by the officer fell within the broad range of what can be described as normal driving behavior. *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286.

Patterson argues that the officer lacked reasonable suspicion to effectuate the stop because, although Patterson's taillight was emitting white light, it was also emitting red light and, thus, the condition of his taillights satisfied the requirements set forth in I.C. §§ 49–902, 49–906, and 49–910. The state argues that, under I.C. §§ 49–906 and 49–910, it is illegal to drive with taillights that emit light other than red and that, because the officer observed white light emitting from Patterson's taillight, the officer had reasonable suspicion to effectuate a stop.

This Court exercises free review over the application and construction of statutes. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct.App.2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.* It is incumbent upon a court to give a statute an interpretation which will not render it a nullity. *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct.App.2001).

Idaho Code Section 49–902 requires that tail lamps be "in proper condition" at all times. *See also State v. Evans*, 134 Idaho 560, 563–64, 6 P.3d 416, 419–20 (Ct.App. 2000). Section 49–906 provides, in pertinent part, that every motor vehicle shall be equipped with tail lamps mounted on the rear, "which when lighted as required, shall emit a red light plainly visible from a dis-

tance of five hundred (500) feet to the rear." [1] Section 49–910(3) provides:

> All lighting devices and reflectors mounted on the rear of any vehicle shall display or reflect a red color, except the stoplight or other signal device, which may be red, amber, or yellow, and except that the light illuminating the license plate shall be white and the light emitted by a back-up lamp may be white, amber, or red.

Patterson concedes that his taillight was broken. However, Patterson argues that the fact that his taillight may have been emitting white light in addition to red light is not a violation of I.C. §§ 49–906 or 49–910. In support of his position, Patterson cites to a Texas appellate court opinion, *Vicknair v. State*, 751 S.W.2d 180 (Tex.Crim.App.1986), which involves facts similar to the case at bar. In *Vicknair*, the court held that, although Vicknair's taillight was cracked allowing some white light to show through, because the taillight was also emitting red light, a stop of the vehicle was unjustified under the applicable Texas statute.[2] The appellate court in *Vicknair* interpreted the Texas statute as requiring red light to be visible at all times but not precluding light of any other color from also being visible.

Idaho Code Section 49–906 specifically provides that tail lamps "shall emit a red light." Section 49–910 provides that lighting devices mounted on the rear of a vehicle "shall display or reflect a red color." This language is plain and unambiguous. Exceptions to this red light requirement are outlined within section 49–910 and include, signal devices, the light illuminating the license plate, and back-up lamps. If the legislature had intended to allow an exception for colors other than red, it could have included it in the statute. Instead, both section 49–906 and 49–910 refer to only the color red when discussing colors that may be emitted from taillights. The statutes cannot be read to require taillights to emit red light but then also allow taillights to emit a light of any other color of a driver's choosing. If that were the case, there would be little or no conformity so that drivers could predict the motion of other vehicles. Although the Texas statute examined in *Vicknair* is similar to I.C. § 49–906, we are not alone in our interpretation of such statutes. *See, e.g., Williams v. State*, 853 P.2d 537 (Alaska Ct. App.1993). Further, Patterson's argument that it is permissible to have a damaged taillight is refuted by Section 49–902, which requires that all lamps be "in proper condition."

Based upon the plain reading of I.C. §§ 49–902, 49–906, and 49–910, Patterson violated Idaho law by driving with taillights that emit light of a color other than red. Therefore, the officer had reasonable suspicion to stop Patterson's vehicle when he saw Patterson's taillights emitting white light. Consequently, the district court did not abuse its discretion in denying Patterson's motion to suppress.

## III.

### CONCLUSION

Because the officer observed Patterson driving in violation of Idaho's laws, he had reasonable suspicion to stop Patterson's vehicle. Accordingly, we conclude that the district court did not err in denying Patterson's motion to suppress. Patterson's judgment of conviction for felony driving under the influence and misdemeanor resisting a public officer are affirmed.

Chief Judge LANSING and Judge GUTIERREZ concur.

1. The section also allows any vehicle thirty years or older to have tail lamps containing a blue or purple insert lens. I.C. § 49–906(4).

2. At the time Vicknair was charged, Texas Revised Civil Statute Annotated, article 6701d, sec. 111 provided in pertinent part:

> After January 1, 1972, every motor vehicle, trailer, semitrailer and pole trailer, and any other vehicle which is being drawn at the end of a combination of vehicles, shall be equipped with at least two (2) tail lamps mounted on the rear which when lighted as required in Section 109, shall emit a red light plainly visible from a distance of one thousand (1,000) feet to the rear, except that passenger cars and trucks manufactured or assembled prior to model year 1960 shall have at least one (1) tail lamp.