# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 38626

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 492 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 24, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEITH DEAN CLARK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Judgment of conviction for possession of a controlled substance, affirmed.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Keith Dean Clark appeals from the judgment of conviction entered upon his conditional guilty plea to possession of a controlled substance. Specifically, he challenges the district court's denial of his motion to suppress. We affirm.

## I.

## FACTS AND PROCEDURE

A Garden City police officer observed Clark riding his bicycle at night and determined that although Clark had a flashlight emitting light in front of his bike, he may have been merely holding the flashlight. The officer stopped Clark for failing to have a light attached to his person or bicycle while riding at night as required by statute. A subsequent search of Clark's person led to discovery of a knife, methamphetamine, and drug paraphernalia. Clark was charged with possession of a controlled substance, Idaho Code § 37-2732(c); concealing a dangerous weapon, Idaho Code § 18-3302(7); and possession of drug paraphernalia, Idaho Code § 37-2734A. Clark

1

moved to suppress all evidence seized after the stop on the basis the officer had no reasonable, articulable suspicion to initiate a stop because Clark was complying with the statute by holding the flashlight. Following a hearing, the district court denied the motion. Clark entered a conditional guilty plea to possession of a controlled substance, reserving his right to challenge the denial of his motion to suppress. The State dismissed the two remaining charges. Clark now appeals the denial of his motion to suppress.

## II.

## ANALYSIS

Clark contends the district court erred in denying his motion to suppress because the officer did not possess reasonable articulable suspicion for the stop where Clark was carrying a flashlight illuminating the road, which was not in contravention of the statute. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment's reasonableness requirement applies to brief investigatory detentions. *Terry v. Ohio*, 392 U.S. 1, 19 (1968); *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). Typically, seizures must be based on probable cause to be reasonable. *Florida v. Royer*, 460 U.S. 491, 499-500 (1983); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. However, limited investigatory detentions, based on less than probable cause, are permissible when justified by an officer's reasonable, articulable suspicion that a person has committed, or is about to commit, a crime. *Royer*, 460 U.S. at 498; *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *Bishop*, 146 Idaho at 811, 203 P.3d at 1210; *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). The quantity and quality of information necessary to establish reasonable suspicion is less than that necessary to establish probable cause. *Alabama v. White*, 496 U.S. 325, 330 (1990); *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. Still, reasonable suspicion requires more than a mere hunch or "inchoate and

2

unparticularized suspicion." *White*, 496 U.S. at 329; *Bishop*, 146 Idaho at 811, 203 P.3d at 1210. Whether an officer possessed reasonable suspicion is evaluated based on the totality of the circumstances known to the officer at or before the time of the stop. *Bishop*, 146 Idaho at 811, 203 P.3d at 1210; *Sheldon*, 139 Idaho at 983, 88 P.3d at 1223.

The statute, which the officer testified he suspected Clark of violating because the officer believed Clark was merely holding the flashlight, requires:

> Every bicycle in use [from sunset to sunrise] shall be operated with a light emitting device visible from a distance of at least five hundred (500) feet to the front, *attached to the bicycle or the rider*, and with a reflector clearly visible from the rear of the bicycle.

I.C. § 49-723 (emphasis added).

In his motion to suppress, Clark contended he was holding a flashlight at the time of the stop and a "hand-held light-emitting device sufficiently abides by [the statute] as said device is attached to the cyclist's hand while being held." The district court denied the motion, reasoning that holding the flashlight was not the same as having it attached to the rider as required by the statute. The court found the officer's testimony, that the officer believed Clark was merely holding the flashlight and the flashlight was not attached to Clark in any manner, was credible. Therefore, the court surmised, the officer had reasonable articulable suspicion to stop Clark to investigate the situation. The court further pointed out that even if it turned out the flashlight was actually attached to Clark by a string, as Clark had testified it was, as long as the officer had "a good-faith belief" that Clark was merely holding the flashlight, the officer possessed reasonable, articulable suspicion that Clark was acting in contravention of the statute.

On appeal, Clark contends the flashlight was "attached" to him by virtue of his holding the flashlight in his hand and, therefore, the officer did not have reasonable, articulable suspicion that Clark was violating the statute. This Court exercises free review over the application and construction of statutes. *State v. Patterson*, 140 Idaho 612, 614, 97 P.3d 479, 481 (Ct. App. 2004); *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct. App. 1998). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *Patterson*, 140 Idaho at 614, 97 P.3d at 481. The language of the statute is to be given its plain,

obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219; *Patterson*, 140 Idaho at 614, 97 P.3d at 481. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Patterson*, 140 Idaho at 614, 97 P.3d at 481. When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *Rhode*, 133 Idaho at 462, 988 P.2d at 688; *Patterson*, 140 Idaho at 614, 97 P.3d at 481. To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Rhode*, 133 Idaho at 462, 988 P.2d at 688; *Patterson*, 140 Idaho at 614, 97 P.3d at 481. It is incumbent upon a court to give a statute an interpretation that will not render it a nullity. *Patterson*, 140 Idaho at 614, 97 P.3d at 481; *State v. Beard*, 135 Idaho 641, 646, 22 P.3d 116, 121 (Ct. App. 2001).

We agree with the district court that merely holding a flashlight does not comply with the statute's requirement that the light source be "attached" to the bicycle or rider. In common parlance, "attached" implies a more permanent connection than what Clark argues occurred here. "Attached" is defined as "*permanently fixed*," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 140 (1993) (emphasis added), and "joined; connected; bound," Definition of "attached," DICTIONARY.COM, http://dictionary.reference.com/browse/attached (last visited May 7, 2012). *See also* BLACK'S LAW DICTIONARY 136 (8th ed. 2004) (defining "attach" as "[t]o annex, bind, or fasten"). In addition, it is clear from the context of this statute within the larger scheme of statutes governing bicycles that there is a distinction between a light source merely being held and being "attached." Idaho Code § 49-719 provides: "Carrying articles. No person operating a bicycle shall *carry* any package, bundle or article which prevents the operator from using at least one (1) hand in the control and operation of the bicycle." (Emphasis added.) Had the legislature intended carrying a light source to be sufficient under section 49-723, it could have stated as much; instead, it utilized the word "attached," to which we must give effect. Accordingly, where Clark does not dispute the district court's finding that the officer reasonably believed Clark was merely carrying the flashlight, we affirm the court's finding of reasonable,

articulable suspicion to effect the stop.[1]  Clark's judgment of conviction for possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge LANSING **CONCUR.**

---

[1]     Clark argues that if this Court finds the statute is ambiguous because both the district court's and Clark's interpretations of the statute are reasonable, the rule of lenity requires the statute to be interpreted in Clark's favor.  Since we have not found Clark's interpretation to be reasonable, we need not reach this issue.