**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44472**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 474 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 24, 2017 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| FREDRICK D. ROY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Jay P. Gaskill, District Judge.

Order denying, in part, motion to suppress, <u>affirmed</u>; order denying motion in limine, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Fredrick D. Roy appeals from the district court's order denying, in part, his motion to suppress and order denying his motion in limine. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer stopped a vehicle after noticing a white light shining to the side and rear of the vehicle due to a broken taillight; Roy was a passenger in that vehicle. The officer directed Roy and the driver to exit the vehicle after learning the driving privileges of the driver had been suspended and observing what he believed to be marijuana on the floor of the rear seat. While waiting outside the vehicle, another officer at the scene repeatedly told Roy and the driver to keep their hands out of their pockets; Roy was eventually placed in handcuffs for failing to cooperate with this request. While handcuffing Roy, the officer pulled Roy's hand out of his

1

pocket, revealing a metal tin which the officer opened and found three .22 rounds. The officer subsequently returned the tin and the rounds to Roy and Roy was released from the scene. The driver was arrested and the driver's vehicle searched.

The search of the vehicle resulted in the discovery of marijuana cigarettes, several marijuana buds on the floor, and a Winchester Model 39 .22 firearm under the front passenger seat where Roy had been sitting. The officer also noticed a bolt that matched the firearm resting on the asphalt below the push bumper of the patrol car. It was later determined that Roy was a convicted felon and he was subsequently arrested and charged with unlawful possession of a firearm.

Roy filed a motion to suppress, which the district court granted in part and denied in part. The court granted his motion with respect to the contents of the tin; however, it denied his motion with respect to the bolt on the asphalt and the gun found in the vehicle. Roy also filed a motion in limine, objecting to the anticipated testimony of a State's witness, which the district court denied. Subsequently, the parties entered into a conditional plea agreement under which they agreed Roy would plead guilty to unlawful possession of a firearm and the State would dismiss the sentencing enhancement. The agreement also reserved Roy's right to appeal from the partial denial of his motion to suppress and the denial of his motion in limine. The district court accepted the plea agreement and sentenced Roy to two years determinate and stayed the execution pending this Court's decision on appeal. Roy timely appeals.

## II.

## ANALYSIS

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

Roy asserts the district court erred in finding the officer had reasonable suspicion to stop the vehicle based on his observation of white light emanating from the taillight. Idaho Code

2

§ 49-906 provides that every motor vehicle shall be equipped with taillamps mounted on the rear that "emit a red light plainly visible from a distance of five hundred (500) feet to the rear" when lighted. Likewise, I.C. § 49-910(3) provides that "all lighting devices and reflectors mounted on the rear of any vehicle shall display or reflect a red color . . . ." Roy contends that despite the fact the taillight appeared broken and not perfectly repaired, it did not justify the stop and investigatory detention. This argument was rejected by this Court in *State v. Patterson*, 140 Idaho 612, 97 P.3d 479 (Ct. App. 2004). In that case, the petitioner conceded his taillamp was broken but argued that because it emitted white light in addition to red light, it was not a violation of I.C. § 49-906 or I.C. § 49-910. *Patterson*, 140 Idaho at 615, 97 P.3d at 482. This Court noted that the language of both statutes requiring the emission of red light is plain and unambiguous and refers to only the color red when referencing colors that may be emitted from taillamps. *Id*. The Court reasoned:

> The statutes cannot be read to require taillights to emit red light but then also allow taillights to emit a light of any other color of a driver's choosing. If that were the case, there would be little or no conformity so that drivers could predict the motion of other vehicles.

*Id*. We held that the officer in that case had reasonable suspicion to stop the petitioner's vehicle based on his observation of the taillights emitting white light and, therefore, the lower court did not abuse its discretion in denying the petitioner's motion to suppress. *Id*.

Stare decisis dictates that we follow controlling precedent, unless it is manifestly wrong, unless it has proven over time to be unjust or unwise, or unless overturning it is necessary to vindicate plain, obvious principles of law and remedy continued injustice. *State v. Bradshaw*, 155 Idaho 437, 439, 313 P.3d 765, 767 (Ct. App. 2013). Roy does not present any argument as to why the holding is manifestly wrong, unjust, or unwise, or that it must be overturned to vindicate principles of law or remedy injustice and, therefore, fails to meet the threshold necessary in overturning prior precedent on this issue. Like the petitioner in *Patterson*, the taillight in the vehicle in which he was a passenger emitted white light. This created reasonable suspicion for the officer to stop the vehicle. Accordingly, the district court correctly denied Roy's motion to suppress.

Roy also argues the district court abused its discretion by denying his motion in limine in which he objected to the anticipated testimony of a State's witness. We review decisions on a motion in limine for an abuse of discretion. *State v. Boehm*, 158 Idaho 294, 301, 346 P.3d 311,

318 (Ct. App. 2015). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

Roy described the firearm found in the vehicle as one that "looks like a sawed off shotgun or a modified rifle that lacks a trigger guard," is eighteen inches long and stainless, not blued. The State's witness was expected to testify that two months prior to Roy's arrest for unlawful possession of a firearm, Roy asked her to hold a pistol for him as collateral for a loan. Her anticipated testimony included describing the pistol as a .22 caliber that was twelve to thirteen inches long, wood and normal bluing, and appeared to be missing a piece of metal by the bolt assembly, and looked unsafe. The State added at the motion hearing that the witness was expected to have an opportunity to view and identify the weapon as the one she had seen previously and also testify that she believed a blued barrel meant it was not glossy as opposed to being a particular color.

Roy asserts the anticipated testimony of the State's witness was not relevant as to whether he committed the offense of unlawful possession of a firearm on the day he was arrested and argues that even if it were relevant, it is unduly prejudicial and should be excluded. Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Stevens*, 146 Idaho 139, 143, 191 P.3d 217, 221 (2008). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Idaho Rule of Evidence 401; *Stevens*, 146 Idaho at 143, 191 P.3d at 221. While it is clear that testimony relating to Roy having the same firearm two months prior would be relevant in proving he had the same firearm at the time of his arrest, Roy alternatively argues that even if relevant, the testimony should be excluded under I.R.E. 403, which provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." I.R.E. 403. A lower court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392,

4

406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

Roy acknowledges his position that the district court's finding was erroneous is largely based on the absence of the witness positively identifying the weapon in question. He states: "This would be a different case if [the witness] had positively identified the weapon found in the vehicle in which Mr. Roy was traveling in December as the same as the weapon she observed in October." Therefore, while Roy contends the testimony is both relevant and unduly prejudicial because the witness did not positively identify the weapon, he overlooks the State's representation at the motion hearing that its witness was expected to view and identify the firearm at trial. The district court emphasized the distinctive type of firearm at issue in this case and reasoned that "the unique nature of the firearm and the State's witness alleging it is the same firearm is what the Court ruled is crucial in this matter. As I made clear . . . had it been just evidence of a firearm, I certainly wouldn't have allowed it." The testimony of prior possession of a unique weapon and anticipated identification of the same weapon at trial was certainly relevant. The district court also correctly rejected Roy's contention that the anticipated testimony was unduly prejudicial. The district court further noted that any discrepancy in the prior description of the weapon went to the weight, not admissibility, of the testimony and could be addressed through cross-examination of the witness.

The district court clearly perceived this issue as one of discretion, as it stated that it viewed the "issue as one of discretion with the Court." Its decision to allow the proffered testimony was within the boundaries of its discretion, and was reached by an exercise of reason pursuant to the applicable legal standards of I.R.E. 403. Thus, it did not abuse its discretion and the denial of Roy's motion in limine is affirmed.

## III.

## CONCLUSION

Because the officer observed the driver was in violation of Idaho's laws, he had reasonable suspicion to stop the vehicle. Accordingly, the district court did not err in denying Roy's motion to suppress. Further, the district court did not abuse its discretion in finding the State's witness testimony was relevant and not unfairly prejudicial and, therefore, did not err in denying Roy's motion in limine. The district court's order partially denying Roy's motion to

suppress and the district court's order denying his motion in limine are affirmed. Accordingly, Roy's judgment of conviction for unlawful possession of a firearm is affirmed.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.