**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 47014 & 47015**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 28, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| THOMAS CHANDLER SORENSEN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Stevan H. Thompson, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for felony eluding a police officer, <u>affirmed</u>; judgment of conviction and concurrent unified sentences of five years, with minimum periods of confinement of two years, for two counts of felony violation of a no-contact order, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

In Docket No. 47014, Thomas Chandler Sorensen appeals from his judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for felony eluding a police officer. In Docket No. 47015, Sorensen appeals from his judgment of conviction and concurrent, unified sentences of five years, with minimum periods of confinement of two years, for two counts of felony violation of a no-contact order. Specifically, Sorensen argues that the district court erred in denying his motion to suppress in Docket No. 47014 and that he received excessive sentences in both cases. We affirm.

**I.**

1

## FACTUAL AND PROCEDURAL BACKGROUND

Early one morning, an officer observed Sorensen driving a vehicle with a broken passenger-side taillight lens. Although the exposed bulb had been spray painted red, the taillight still emitted some white light. Believing this to be a violation of I.C. § 49-910(3), the officer began following Sorensen's vehicle. The officer then noticed that the license plate sticker indicated the vehicle's registration had expired. After dispatch confirmed the expired registration, the officer activated his emergency lights and stopped Sorensen.

During the stop, Sorensen admitted that his driving privileges were suspended. The officer then tried to verify whether Sorensen's passenger had a valid license to see if she could drive the vehicle once Sorensen had been issued a citation. Sorensen's passenger was not carrying her driver's license, and the name and date of birth she gave the officer did not match anyone in law enforcement databases. However, another officer who had responded to the scene recognized Sorensen's passenger as the protected person in an active no-contact order against Sorensen. When officers asked Sorensen to exit his vehicle, he refused and then drove away as officers attempted to remove him. As he sped from the scene, Sorensen ran over an officer's foot. The ensuing chase ended when Sorensen's vehicle experienced a mechanical failure.

The State charged Sorensen in Docket No. 47014 with felony eluding a police officer, aggravated battery on an officer, resisting arrest, driving without privileges, failure to provide proof of insurance, and four counts of violating a no-contact order. After contacting the female passenger from jail on multiple occasions, Sorensen was charged with four additional counts of violating a no-contact order in Docket No. 47015. Sorensen moved to suppress the evidence obtained pursuant to the traffic stop, arguing the stop was not supported by reasonable suspicion and was unlawfully extended. The district court denied Sorensen's motion.

Subsequently, Sorensen pled guilty to felony eluding a police officer in Docket No. 47014 and two counts of violating a no-contact order in Docket No. 47015, reserving his right to appeal the denial of his motion to suppress. In exchange for Sorensen's pleas, the State agreed to dismiss the other charges. The district court sentenced Sorensen to a unified term of five years, with a minimum period of confinement of two years, for each of the three charges. The district court ordered the sentences for the two counts of violating a no-contact order to run concurrently with each other, but consecutively to the sentence for eluding a police officer. Sorensen appeals,

arguing the district court erred in denying his motion to suppress in Docket No. 47014 and that the district court imposed excessive sentences in Docket Nos. 47014 and 47015.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).

## III.

## ANALYSIS

In these consolidated appeals, Sorensen argues the district court erred in denying his motion to suppress and by imposing excessive sentences. The State responds the district court correctly concluded that the officer had reasonable suspicion to stop Sorensen for traffic offenses and that he has failed to show his sentences constitute an abuse of discretion. We hold that Sorensen has failed to show the district court erred in denying his motion to suppress or in imposing his sentences.

A.      **Motion to Suppress**

Mindful that the district court found the officer's testimony about his reasons for stopping Sorensen to be credible, Sorensen asserts that the officer lacked reasonable suspicion to conduct a traffic stop. Sorensen has failed to show error.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a

reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court determined that the officer had reasonable suspicion to stop Sorensen for having an improper taillight and driving a vehicle with an expired registration. In support of the first justification, the district court found that the officer saw some white light coming from Sorensen's broken taillight. Driving with a taillight emitting *any* white light violates I.C. § 49-910(3). *See State v. Patterson*, 140 Idaho 612, 615, 97 P.3d 479, 482 (Ct. App. 2004). Sorensen contends the district court's factual finding lacks substantial evidentiary support because video taken by the officer's dashcam shows that Sorensen's broken taillight emitted a different shade of red light, not white light. We disagree.

Even if Sorensen's broken taillight *appeared* to be emitting red light on the dashcam video, the resulting conflict in the evidence relevant to the color of Sorensen's taillight would not necessarily deprive the district court's factual findings of substantial evidentiary support. A finding may have substantial evidentiary support despite the existence of conflicting evidence. *State v. Thompson*, 130 Idaho 819, 821, 948 P.2d 174, 176 (Ct. App. 1997) (noting that the trial court's findings based on substantial, although conflicting, evidence will not be disturbed on appeal). The critical question is whether there was sufficient relevant evidence that a reasonable mind could accept as adequate to support the district court's finding. *See State v. Mullins*, 164 Idaho 493, 497, 432 P.3d 42, 46 (2018). The officer's testimony, which the district court found credible, was that Sorensen's broken taillight was emitting *some* white light. That is sufficient

4

evidence to support the district court's factual finding related to the taillight's color. Consequently, Sorensen has failed to show that the district court erred in denying his motion to suppress.[1]

**B.     Sentencing**

Sorensen argues that the district court imposed excessive sentences in both Docket No. 47014 and Docket No. 47015 because the district court failed to give proper weight to certain mitigating factors--specifically, his past performance on probation and retained jurisdiction, mental condition, and treatment prospects. We hold that Sorensen has failed to establish that his sentences are an abuse of discretion.

Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in the two cases, we cannot say that Sorensen's sentences in either Docket No. 47014 or Docket No. 47015 are an abuse of discretion.

---

[1]     Because we affirm the denial of Sorensen's motion to suppress on the basis of his broken taillight, it is unnecessary to consider the district court's alternative finding that the stop was also justified based on an expired registration. *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998).

## IV.

## CONCLUSION

The officer had reasonable suspicion to stop Sorensen for driving with a taillight emitting some white light, a violation of I.C. § 49-910(3). Thus, Sorensen has failed to show that the district court erred in denying his motion to suppress. Additionally, Sorensen has failed to show that the district court abused its sentencing discretion. Consequently, Sorensen's judgments of conviction and sentences are affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.